UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21685-BLOOM/Otazo-Reyes

PRIMERICA LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

XAVIER JOHNSON, *et al.*,

    Defendant.
_____/

**ORDER GRANTING DEFAULT JUDGMENT
AND MOTION TO INTERPLEAD**

**THIS CAUSE** is before the Court upon Plaintiff Primerica Life Insurance Company's ("Primerica") Motion to Interplead Benefit into Registry of the Court, for Injunction, Dismissal, and Attorneys' Fees and Costs, ECF No. [19] ("Motion to Interplead"), and Primerica's Motion for Default Final Judgment Against Defendant Xavier Johnson, ECF No. [20] ("Motion for Default Judgment"). The Court has carefully reviewed the motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are granted.

**I.     BACKGROUND**

This is an action for interpleader of the life insurance proceeds to Primerica Life Insurance Company Policy Number xx-xxxx8558 (the "Policy"), insuring the life of Andrea Lloyd ("Ms. Lloyd"). ECF No. [1] at 2. On December 8, 2021, Ms. Lloyd was found deceased by stab wounds in Miami-Dade County, Florida. *Id.* Defendant Xavier Johnson awaits trial for her murder in *State v. Johnson*, Case No. F-21-021165 in the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County. *Id.* at 2-3.

At the time of Ms. Lloyd's death, Xavier Johnson was the primary beneficiary listed on her Primerica life policy. *Id*. at 2. Defendant Arnold Lloyd, Ms. Lloyd's father, is the contingent beneficiary. *Id*. The benefit at the time of Ms. Lloyd's death was $165,000.00. *Id*.

On July 5, 2022, Arnold Lloyd filed an Answer to Primerica's Complaint and a Counterclaim against Xavier Johnson. ECF No. [11]. Xavier Johnson, who is currently awaiting trial for Ms. Lloyd's murder in State Court, has not made an appearance in this case. On July 18, 2022, the Clerk of Court entered default against him. ECF No. [16].

In its Motion to Interplead, Primerica moves to interplead the benefit of the Policy into the registry of the Court, after deducting its attorneys' fees and costs. ECF No. [19]. Primerica also seeks dismissal from this case and an injunction against further legal action against it arising from Ms. Lloyd's Policy and the $165,000.00 benefit. *Id*. at 6. Arnold Lloyd is unopposed to Primerica's requests. *Id*. at 19. Given the Clerk's entry of default against Xavier Johnson, Primerica seeks a default final judgment against him. ECF No. [20] at 8.

**II.    DISCUSSION**

Pursuant to Rule 22 of the Federal Rules of Civil Procedure, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). "Interpleader is designed to protect stakeholders from harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim, among many, has merit." *Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1348 (S.D. Fla. 2010).

An interpleader action is normally conducted in two stages. "In the first stage, the district court decides whether the requirements for a rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that

2

fund." *Id.* at 1349. At this stage, a district court may also determine whether the stakeholder is disinterested, "and, if so, discharge it from liability and dismiss it from the action." *Id.*; *see id.* at 1359 ("This practice is particularly common in cases involving competing claims to life insurance proceeds[.]" (citing cases in which courts dismissed a disinterested interpleader stakeholder)). "The second stage of interpleader involves the determination of the respective rights of the claimants to the stake." *Wachovia Bank, N.A. v. Tien*, 534 F. Supp. 2d 1267, 1284 (S.D. Fla 2007).

Arnold Lloyd, the only Defendant to have answered Primerica's Complaint, consents to Primerica's Motion to Interplead. ECF No. [19] at 19. Given the Clerk's entry of default against Xavier Johnson, Xavier Johnson is deemed to have admitted the well-pleaded factual allegations within Primerica's Complaint. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). According to those allegations, the requirements for interpleader under Rule 22 are met.

There is a single fund at issue: the $165,000.00 Benefit under Ms. Lloyd's Policy. Xavier Johnson and Arnold Lloyd are adverse claimants as the primary and contingent beneficiary, respectively. Which of those two claimants will receive the benefit depends on whether Xavier Johnson "unlawfully and intentionally kill[ed]" Ms. Lloyd within the meaning of Florida Statute § 732.802(3). Regardless of that determination, Primerica has no claim to the benefit, so it is a disinterested party that is entitled to dismissal. *Orseck*, 699 F. Supp. 2d at 1359

Primerica is also entitled to attorney's fees and costs for its role in initiating this proceeding. "[A]lthough the award of the stakeholder's costs and attorney's fees is discretionary with the court, such an award is common where the stakeholder has acted in good faith." *Katsaris v. United States*, 684 F.2d 758, 763 (11th Cir. 1982). Here, Primerica seeks an award of $7,500.00 in fees and $894.50 in costs, for a total of $8,394.50. ECF No. [19] at 5. Defendant Arnold Lloyd agrees to that award. *Id*. Having reviewed the Declaration of Megan A. McNamara and the Bill of Costs

3

attached thereto, ECF No. [19-1], the Court concludes that the requested $8,394.50 award is reasonable and appropriate in this case.

Lastly, Primerica is entitled to an injunction. "The purpose of an interpleader action is to protect a party from the possibility of defending multiple claims to a limited fund." *Unicare Life & Health Ins. Co. v. Galvan*, No. 11-cv-61, 2011 WL 6258845, at *2 (N.D. Fla. July 15, 2011) (citing *Matter of Bohart*, 743 F.2d 313, 324 (5th Cir. 1984)). "To this end the interpleader statutes and rules are liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability." *Bohart*, 743 F.2d at 325 (quotation marks omitted). "It is a generally accepted principle that a disinterested stakeholder filing an action in interpleader may be dismissed from the case, discharged from further liability, and, in the court's discretion, awarded attorneys' fees and costs." *Kurland v. United States*, 919 F. Supp. 419, 421 (M.D. Fla. 1996) (citing *Prudential Ins. Co. v. Boyd*, 781 F.2d 1494 (11th Cir. 1986)). Here, to protect Primerica from additional litigation related to the benefit under Ms. Lloyd's policy, the Court agrees that an injunction is appropriate. That injunction will take effect upon the Court's receipt of the benefit.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Primerica's Motion for Default Judgment, **ECF No. [20]**, is **GRANTED**. Judgment is entered against Defendant Xavier Johnson in favor of Primerica on its claim for interpleader.

2. Primerica's Motion to Interplead, **ECF No. [19]**, is **GRANTED**.

3. Primerica is awarded its reasonable attorneys' fees and costs incurred in this matter in the amount of $8,394.50. Primerica shall deduct that amount from the Benefit prior to

Case No. 22-cv-21685-BLOOM/Otazo-Reyes

depositing the Deposit Amount into the Registry of the Court.

4. Primerica shall deposit **$156,605.50** into the Registry of this Court (the "Deposit Amount"). This amount represents the life insurance proceeds (the "Benefit") of $165,000.00 under Primerica Life Insurance Company Policy Number xx-xxxx8558, minus the attorneys' fees and costs of $8,394.50. Primerica shall thereafter file a Notice with the Court that the Deposit Amount is in the Registry of this Court.

5. Upon the Court's receipt of the Deposit Amount, Primerica will be discharged from any and all liability or responsibility concerning the Benefit. The Defendants, and their agents and attorneys, will be enjoined from instituting, prosecuting, or maintaining any action against Primerica, its agents, employees and servants, in connection with the Benefit.

6. Upon the Court's receipt of the Notice of the Deposit Amount, Primerica will be dismissed from this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 10, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Xavier Johnson
Jail Number 210160724
c/o Turner Guilford Knight Correctional Center
7000 Northwest 41st Street
Miami, FL 33166