UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-21685-BLOOM/Otazo-Reyes**

PRIMERICA LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

XAVIER JOHNSON, *et al.*,

    Defendant.

_____/

## ORDER STAYING CASE

**THIS CAUSE** is before the Court upon Cross-Claimant Arnold Lloyd's Motion for Summary Judgment, ECF No. [12], and Arnold Lloyd's Supplement to Motion for Summary Judgment, ECF No. [18]. The Court has carefully reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are held in abeyance and this case is stayed pending the outcome of Xavier Johnson's criminal case in state court.

**I.    Background**

This is an action for interpleader of the life insurance proceeds to Primerica Life Insurance Company Policy Number xx-xxxx8558, insuring the life of Andrea Lloyd ("Ms. Lloyd"). ECF No. [1] at 2. On December 8, 2021, Ms. Lloyd was found deceased by stab wounds in Miami-Dade County, Florida. *Id.* Defendant Xavier Johnson awaits trial for her murder in *State v. Johnson*, Case No. F-21-021165 in the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County. *Id.* at 2-3.

At the time of Ms. Lloyd's death, Xavier Johnson was the primary beneficiary listed on her

Primerica life policy. *Id*. at 2. Arnold Lloyd, Ms. Lloyd's father, is the contingent beneficiary. *Id*. The benefit at the time of Ms. Lloyd's death was $165,000.00. *Id*.

On July 5, 2022, Arnold Lloyd filed an Answer to Primerica's Complaint and a Counterclaim against Xavier Johnson. ECF No. [11]. Xavier Johnson, who is currently awaiting trial for Ms. Lloyd's murder in State Court, has not made an appearance in this case.

On July 11, 2022, Arnold Lloyd filed his Motion for Summary Judgment. ECF No. [12]. Therein, he argues that, because Ms. Lloyd was killed by the primary beneficiary of her life insurance policy—Xavier Johnson—the benefit "becomes payable as though [Xavier Johnson] had predeceased the decedent." *Id*. at 2 (quoting Fl. Stat. § 732.802(3)). Accordingly, Arnold Lloyd asserts that he is entitled to the full benefit as the contingent beneficiary. *Id*. at 1, 4.

On July 18, 2022, the Clerk entered a default against Xavier Johnson for failing to appear, answer, or otherwise plead to Primerica's Complaint. ECF No. [16]. Thereafter, Arnold Lloyd filed his Supplement to Motion for Summary Judgment, ECF No. [18], arguing that Xavier Johnson's default provided an additional reason for the Court to enter judgment in Arnold Lloyd's favor.

**II.    Discussion**

Florida Statute § 732.802(3) provides that "[a] named beneficiary of a . . . life insurance policy . . . who unlawfully and intentionally kills the . . . person upon whose life the policy is issued is not entitled to any benefit under the . . . policy, . . . and it becomes payable as though the killer had predeceased the decedent." "A final judgment of conviction of murder in any degree is conclusive for purposes of this section." Fl. Stat. § 732.802(5). "In the absence of a conviction of murder in any degree, the court may determine by the greater weight of the evidence whether the killing was unlawful and intentional for purposed of this section." *Id*.

Case No. 22-cv-21685-BLOOM/Otazo-Reyes

Xavier Johnson awaits trial in State Court for allegedly murdering Ms. Lloyd. *State v. Johnson*, Case No. F-21-021165 (11th Jud. Cir. Fla.). Notwithstanding the accusations within the Arrest Affidavit and Information that Arnold Lloyd attached to his Motion for Summary Judgment, *see* ECF Nos. [12-2], [12-3], Xavier Johnson is presumed innocent of the criminal charges against him.

Normally, the effect of the Clerk's entry of a default against a defendant is that the plaintiff's well-pleaded factual allegations are deemed to be admitted. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Here, however, there has been no final judgment of conviction or determination, by the greater weight of the evidence, that the killing was unlawful and intentional as required by Fl. Stat. § 732.802. Moreover, due to the ongoing criminal proceeding against Xavier Johnson, there is a likelihood that Xavier Johnson could not have meaningfully answered Primerica's Complaint without compromising his Fifth Amendment rights.

Accordingly, the Court concludes that it would be premature for it to render the factual determination necessary to resolve this case, namely, whether Xavier Johnson "unlawfully and intentionally kill[ed]" Ms. Lloyd. Fl. Stat. § 732.802(3). That issue will be determined in the pending criminal proceeding against him.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Arnold Lloyd's Motion for Summary Judgment, **ECF No. [12]**, and Arnold Lloyd's Supplement to Motion for Summary Judgment, **ECF No. [18]**, are **DENIED WITHOUT PREJUDICE** and held in abeyance pending the resolution of *State v. Johnson*, Case No. F-21-021165 (11th Jud. Cir. Fla.).

Case No. 22-cv-21685-BLOOM/Otazo-Reyes

2. This case is **STAYED** pending the resolution of *State v. Johnson*, Case No. F-21-021165 (11th Jud. Cir. Fla.),

3. Arnold Lloyd shall move to reopen this case within **thirty days** of the resolution of *State v. Johnson*, Case No. F-21-021165 (11th Jud. Cir. Fla.).

4. This Clerk shall **CLOSE** this case for administrative purposes only.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 10, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Xavier Johnson
Jail Number 210160724
c/o Turner Guilford Knight Correctional Center
7000 Northwest 41st Street
Miami, FL 33166