UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21685-BLOOM/Otazo-Reyes

PRIMERICA LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

XAVIER JOHNSON, *et al.*,

    Defendant.
_____/

## ORDER GRANTING CROSS-CLAIMANT'S RULE 60(B) MOTION

**THIS CAUSE** is before the Court upon the Motion to Re-Open Case and Seek Relief from Stay, ECF No. [23] ("Motion"), filed by Cross-Claimant Arnold Lloyd. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.**    **BACKGROUND**

This interpleader action was brought by Primerica Life Insurance Company ("Primerica") for a judicial determination as to the proper recipient of the proceeds from an insurance policy that covered the life of Andreae Lloyd. *See generally* ECF No. [1]. On or about December 8, 2021, Ms. Lloyd was found deceased by stab wounds. *Id*. ¶ 10. Xavier Johnson, the primary beneficiary on Ms. Lloyd's policy, awaits trial for her murder in Miami-Dade County. *Id*. ¶¶ 8, 12. Ms. Lloyd's father, Arnold Lloyd, is the contingent beneficiary on Ms. Lloyd's life insurance policy. *Id*. ¶ 8. Primerica properly served Mr. Lloyd and Mr. Johnson with its Complaint for Interpleader. *See* ECF Nos. [5], [6].

On July 5, 2022, Mr. Lloyd filed an Answer to Primerica's Complaint and a Crossclaim

against Mr. Johnson, asserting that Mr. Johnson's killing of Ms. Lloyd precludes him from receiving her life insurance proceeds under Fla. Stat. § 732.802. ECF No. [11]. As the contingent beneficiary, Mr. Lloyd asserts that he is entitled to the insurance proceeds. *Id.* ¶ 44.

Mr. Johnson, who is currently awaiting trial for Ms. Lloyd's murder in State Court, has not made an appearance in this case. On July 18, 2022, the Clerk entered a default against him. ECF No. [16]. On July 26, 2022, the Court issued an Order on Default Judgment Procedure, in which the Court warned Mr. Johnson that failure to move to set aside the Clerk's default will result in a default final judgment against him. ECF No. [17] at 2.

Following the Clerk's entry of default against Mr. Johnson, Mr. Lloyd filed a Supplement to his Motion for Summary Judgment, ECF No. [18], arguing that Mr. Johnson's default provided an additional reason for the Court to enter judgment in Mr. Lloyd's favor.

On August 11, 2022, the Court entered its Order Staying Case. ECF No. [22]. The Court agreed with Mr. Lloyd that, "[n]ormally, the effect of the Clerk's entry of a default against a defendant is that the plaintiff's well-pleaded factual allegations are deemed to be admitted." *Id.* (quoting *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)). However, "due to the ongoing criminal proceeding against Xavier Johnson," and the possibility that he could not have "meaningfully answered Primerica's Complaint without compromising his Fifth Amendment rights," the Court decided to stay this case pending the outcome of the criminal proceeding against Mr. Johnson. ECF No. [22] at 3.

In the instant motion, Mr. Lloyd seeks reconsideration of the Court's decision to stay this case. *See generally* ECF No. [23].

## II. LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009).

A motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)).

## III. DISCUSSION

### A. Rule 60(b) Reconsideration

In his Motion, Mr. Lloyd has successfully "set forth . . . law of a strongly convincing nature to demonstrate to the Court" that reconsideration is necessary. *Am. Ass'n of People with Disabilities*, 278 F. Supp. 2d at 1339. Specifically, he has demonstrated that the potential Fifth Amendment issue in this case is not an adequate basis for the Court to issue a stay. *See* ECF No. [23] at 4.

In its prior Order, the Court concluded that Johnson's pending trial for Ms. Lloyd's murder constitutes a special circumstance that requires a stay in the interests of justice. In general, default judgments "are seen with disfavor because of the strong policy of determining cases on their

merits." *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). Given the Fifth Amendment implications of the present case, and the fact that the outcome of the criminal proceeding against Johnson could conclusively determine the proper recipient of the insurance proceeds, the Court concluded that the interest of justice favored a stay of this case rather than a final default judgment. ECF No. [22] at 3.

However, as Mr. Lloyd correctly points out, the Eleventh Circuit has held that "the blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." *S.E.C. v. Wright*, 261 F. App'x 259, 263 (11th Cir. 2008).

The Court finds persuasive the decision of *American General Life Insurance Company v. Jones*. No. 08-0211-WS-B, 2008 WL 4949847 (S.D. Ala, Nov. 13, 2008). That case dealt with circumstances similar to those presented here. In an interpleader action for life insurance proceeds, the primary beneficiary was accused of killing the insured. *Id.* at *1. Alabama law, like Florida's law, prohibits a potential beneficiary from receiving life insurance proceeds if the beneficiary unlawfully caused the insured's death. *Id.* In *Jones*, the primary beneficiary moved to stay the civil proceedings pending resolution of her criminal case, to safeguard her Fifth Amendment privilege against self-incrimination. *Id.* at *4. Relying on Eleventh Circuit law, the *Jones* court reasoned that the "Fifth Amendment concerns, taken in isolation, do not compel a stay[.]" *Id.* at *5. Rather, the court considered the Fifth Amendment implication as one reason among three that, in combination, warranted a stay. *Id*. The other reasons were "the interests of efficiency and judicial economy," *i.e.*, the possibility of avoiding a civil trial as to the cause of the insured's death, and the opposing party's consent to the stay. *Id.*

Here, the additional reasons for a stay noted by the *Jones* court are not present. "[T]he interests of efficiency and judicial economy" do not favor a stay in this case because Mr. Johnson

has defaulted, and the Court will not need to hold a trial to determine the cause of Ms. Lloyd's death. *See infra* Part B. And unlike *Jones*, the opposing claimant here opposes a stay.

Staying this case based solely on the potential Fifth Amendment implications that Mr. Johnson could face is not appropriate. The Court therefore reopens the case and reconsiders Mr. Lloyd's Supplemental Motion for Summary Judgment, ECF No. [20], which it construes as a Motion for Final Default Judgment. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1331 (11th Cir. 2014) (holding that a "so-called 'motion for judgment on the pleadings'" was in fact a "motion for an entry of default judgment"); *Columbus Life Ins. Co v. Allen*, No. 13-cv-1612, 2015 WL 12696200, at *1 (S.D. Fla., Apr. 23, 2015) ("While Ms. Allen has styled her Motion as a Motion for Summary Judgment, it is actually a motion for default judgment.").

### B. Final Default Judgment

Although interpleader actions normally involve two or more claimants to a fund, "defaults d[o] not make the interpleader action inappropriate but merely expedite[] its conclusion by obviating the normal second stage" of determining which party is entitled to the fund. *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983). "Clearly, if all but one named interpleader defendants defaulted, the remaining defendant would be entitled to the fund." *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984); *see also State Farm Mut. Auto. Ins. Co. v. Wagnon*, 959 F.2d 245 (10th Cir. 1992) ("A default judgment entered against a claimant in an interpleader action terminates that party's interest in the fund at issue."); *Metro. Life Ins. Co. v. Prewitt*, No. 18-cv-81402-BLOOM, 2019 WL 917430, at *2 (S.D. Fla., Feb. 25, 2019) ("[B]y failing to answer or otherwise defend its stake in the interpleader claim, [a defendant] forfeits any claim of entitlement that [he] might have asserted."); *Metro. Life Ins. Co. v. McDowell*, No. 18-cv-20618-RNS, ECF No. [50] at 3 (S.D. Fla., Jan. 9, 2019) ("In an interpleader action in

which all but one named interpleader defendants has defaulted, the remaining defendant is entitled to the res.") (quotation marks omitted).

Here, Primerica's interpleader Complaint sets forth the adverse claims of Mr. Lloyd and Mr. Johnson to Ms. Lloyd's life insurance proceeds. *See* ECF No. [1] ¶¶ 8, 10, 12, 14, 15; *see also State v. Johnson*, Case No. F-21-021165 (11th Jud. Cir. Fla.).[1] Mr. Lloyd has answered the Complaint and set forth his claim to the proceeds based on Fla. Stat. § 732.802(3), which prohibits an insured's killer from receiving the insured life insurance benefits. ECF No. [11]. Mr. Johnson has not made an appearance, despite having been properly served, ECF No. [5], and despite the Court's warnings that failure to answer Primerica's Complaint would result in a default judgment against him. *See* ECF Nos. [13], [17]. Due to his default, Mr. Johnson has forfeited his claim to the interpleaded funds. As the lone remaining and non-defaulting party, Mr. Lloyd "is entitled to the res." *Valley Forge Life Ins. Co. v. Rockmore*, No. 7:07-cv-0063, 2008 WL 1805450, at *1 (M.D. Ga. Apr. 18, 2008).

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Mr. Lloyd's Motion for Reconsideration, **ECF No. [23]**, is **GRANTED**.

2. This case is **REOPENED**.

3. Mr. Lloyd's Supplemental Motion for Summary Judgment, **ECF No. [18]**, is construed as a Motion for Final Default Judgment and it is **GRANTED**.

4. Mr. Lloyd is entitled to the net proceeds of Andrea Lloyd's life insurance policy, which Primerica paid into the Registry of the Court. *See* ECF Nos. [24], [25].

---

[1] The Court takes judicial notice of the docket and filings in Mr. Johnson's criminal case, which were cited in the Complaint. ECF No. [1] ¶ 12; *see also Universal Express, Inc. v. U.S. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (courts may take judicial notice of public records, such as a complaint filed in another court).

Case No. 22-cv-21685-BLOOM/Otazo-Reyes

5. The Clerk of Court is **DIRECTED** to disburse the interpleaded funds – $157,413.20 – plus any accused interest, to Mr. Lloyd's counsel.

6. Final judgment will be entered upon disbursement of the interpleaded funds.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 2, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Xavier Johnson
Jail Number 210160724
c/o Turner Guilford Knight Correctional Center
7000 Northwest 41st Street
Miami, FL 33166